O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3990 AHM (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | ARTURO CEBALLOS v. GMAC MORTGAGE, LLC, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

*Pro se* Plaintiff Arturo Ceballos has brought suit against Defendant GMAC Mortgage, LLC ("GMAC"), in connection with a mortgage transaction that closed on December 28, 2005.  *See* Request for Judicial Notice ("RJN"), Ex. 2.[1]  On May 27, 2010, the Court denied Plaintiff's request for an emergency restraining order.  Plaintiff's Complaint is a rambling list of general allegations pertaining to the mortgage industry as a whole, and it is difficult to discern exactly what causes of action Plaintiff is alleging. However, it is clear that Plaintiff's Complaint implicates at most three federal causes of action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*,[2] Complaint ¶¶ 156-59; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, Complaint ¶¶ 118-123; and (3) violation of 15 U.S.C. §§ 45, *et seq.*, Complaint ¶ 112.  All of the remaining claims are brought under state law.  GMAC has now moved to dismiss all claims in the Complaint pursuant to Fed R. Civ. P. 12(b)(6).

Plaintiff has failed to oppose the motion to dismiss.  The Court held a hearing on this motion on August 2, 2010, at which Plaintiff failed to appear.  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7–12.  In addition, the motion appears

---

[1]The Court takes judicial notice of the recorded Deed of Trust, as it is a matter of public record.

[2]Plaintiff also alleges violations of "HOEPA."  Complaint ¶¶ 143, 145.  The Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*, is part of TILA.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3990 AHM (JEMx) | Date | August 2, 2010 |
|---|---|---|---|
| Title | ARTURO CEBALLOS v. GMAC MORTGAGE, LLC, *et al.* | | |

meritorious on its face, at least as to the federal claims. Accordingly, for the following reasons, the Court GRANTS Defendant's motion to dismiss[3] as to the federal claims. The Court declines to exercise supplemental jurisdiction over the remaining state claims and dismisses the Complaint for lack of subject matter jurisdiction. Plaintiff may file a complaint re-alleging his state claims in state court.

  The mortgage transaction at issue closed on December 28, 2005. RJN, Ex. 2. Plaintiff did not file his Complaint until May 27, 2010—nearly four and a half years after the transaction in question. The statute of limitations for damages under TILA is one year. 15 U.S.C. § 1640(e). The statute of limitations for rescission under TILA is three years. HOEPA, which is a part of TILA, shares its one-year statute of limitations. 15 U.S.C. § 1640(e). RESPA has a one-year statute of limitations for violations of 12 U.S.C. §§ 2607 & 2608 and a three-year statute of limitations for violations of 12 U.S.C. § 2605. 12 U.S.C. § 2614. Plaintiff has alleged no facts that would justify equitably tolling the statutes of limitations. Thus, Plaintiff's claims under TILA, HOEPA, and RESPA are time-barred and are dismissed without leave to amend.

  Plaintiff's only other federal claim is for violation of 15 U.S.C. §§ 45, *et seq*. Complaint ¶ 112. This statute is part of the Federal Trade Commission Act, which does not provide for a private cause of action. *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981). "The Act rests initial remedial power solely in the Federal Trade Commission." *Id.* Thus, Plaintiff's claim under 15 U.S.C. §§ 45, *et seq*. is dismissed without leave to amend.

  All of Plaintiffs' remaining claims are brought under state law, so there is no longer a basis for federal question jurisdiction under 28 U.S.C. § 1331. The Court declines to exercise supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367(c) and dismisses the state claims without prejudice as to Plaintiffs re-filing those claims in state court.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |

**JS-6**

---

[3]Docket No. 5.